**In re BERGER.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–51669.

Decided Aug. 25, 1994.

*Michael Dale Falleur* and *Brian Robert Hipwell,* for the applicant.

*Lee Fisher,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on June 16, 1994 upon applicant Occie Berger, Jr.'s September 16, 1993 objection and notice of appeal to the August 30, 1993 decision of the single commissioner.

The Attorney General, applicant, and applicant's counsel attended the hearing and presented testimony and oral argument for this panel's consideration.

The single commissioner had denied applicant an additional award of reparations pursuant to R.C. 2743.52(A) because applicant failed to prove, by a preponderance of the evidence, that he incurred "work loss" as defined in R.C. 2743.51(G). On January 19, 1992, the single commissioner had granted applicant an award of reparations for allowable expense in the amount of $627.26 that was paid to applicant on March 8, 1993 (Warrant No. 4719306); the single commissioner had referred the issue of work loss to the Attorney General for further investigation and a new finding of fact and recommendation.

The applicant testified that he worked as a clerk at a grocery store owned by Mary McCall from January 1991 to September 16, 1991, the day of the criminally injurious conduct. Applicant was shot during a robbery at the store on September 16, 1991. Applicant testified that his position at the store was his sole employment and that he had worked five days a week up to the time of the criminally injurious conduct. Applicant stated that he was paid $115 per week. He has no documentation of this salary, however, as he was paid by cash or a personal check, which McCall would cash for him, and he did not file a tax return. Applicant testified that he tried to return to the store in January 1992, but the store was no longer in business, although he does not know why it closed; the store had been in business approximately two years prior to the criminally injurious conduct. Applicant has not seen McCall since June 1992 when he spoke to her at the sentencing of the offender. He states that McCall had said that she would assist him but then did not. Applicant states that he worked for the

Youngstown summer job program in the summer of 1992 and moved to Lorain in August 1992.

Applicant's counsel argued that Mary McCall has been hostile to being involved in this claim and not only closed her store but also changed residences; counsel had attempted to subpoena McCall to no avail. Applicant's counsel argued that it is not fair to acknowledge that applicant incurred work loss but then deny the claim because there is no documentation on the amount of that work loss. Therefore, counsel wishes to have the evidence of work loss placed in the record now and present evidence of the amount of work loss in a supplemental reparations application once Mary McCall is located.

The Attorney General argued that there is no evidence of work loss, as applicant submitted no pay stubs, tax returns, or other documentation of his salary. There is also no evidence of when the store closed to set an ending date for any possible work loss. The Attorney General also cited *In re DeRose* (Jan. 28, 1985), Ct. of Cl. No. V81–55846jud, unreported, in which the court held that one cannot claim more in work loss than was reported as income to the IRS. The Attorney General noted that applicant testified that he had not filed a tax return.

The court in *In re Butler* (Nov. 8, 1991), Ct. of Cl. No. V89–83822tc, unreported, held: "Notwithstanding the applicant's failure to file tax returns and pay taxes on a regular basis, the evidence shows the applicant did incur work loss as a result of the criminally injurious conduct." However, that claim differs from the present claim in that Butler substantiated his claim of work loss and the amount with corroborating testimony and documentation, including a Social Security earnings verification report showing several employers, a Social Security report detailing Social Security benefits, three employer information reports, a W–2 form, a 1099 income form, and a resume. Applicant in the present claim presented no corroboration of his testimony regarding his earnings.

From review of the file and with full consideration given to the testimony and oral argument presented at the hearing, this panel finds that applicant has failed to prove, by a preponderance of the evidence, that he incurred work loss as a result of the criminally injurious conduct. There are two elements needed to prove that work loss was incurred. First, one must prove work loss was sustained by showing an inability to work. Second, one must prove the monetary amount of the work loss. Applicant has proven the first element, that he was unable to work due to the criminally injurious conduct, by his testimony and medical documentation that substantiate that applicant sustained a gunshot wound to his right knee. However, applicant has not proven the second element of work loss, the actual monetary amount of the work loss. Applicant testified that he was paid $115 per week, but there is no corroborating evidence of this amount. No tax returns, pay stubs, or other documentation were

submitted. Hence, the August 30, 1993 order of the single commissioner shall be affirmed.

IT IS THEREFORE ORDERED THAT:

1. The August 30, 1993 order of the single commissioner is AFFIRMED;

2. The claim is DENIED, and judgment is entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*Judgment for the state.*

JAMES H. HEWITT III, KARL H. SCHNEIDER and PHILLIP E. PARISI, Commissioners, concur.