[Cite as *In re Dandy*, 2011-Ohio-4158.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: SHAKEISHA R. DANDY

SHAKEISHA R. DANDY

     Applicant

Case No. V2010-50426

Commissioners:
Susan G. Sheridan, Presiding
William L. Byers IV
E. Joel Wesp

## ORDER OF A THREE-COMMISSIONER PANEL

{¶1}On September 21, 2009, the applicant, Shakeisha Dandy, filed a compensation application as the result of a shooting incident which occurred on August 24, 2009. On January 19, 2010, the Attorney General issued a finding of fact and decision finding the applicant satisfied the eligibility requirements to receive an award of reparations. The applicant was granted an award of reparations in the amount of $195.68, paid directly to Family Service Association, for services rendered. However, applicant's claims for work loss and counseling expenses were denied because the applicant failed to submit supporting documentation. On February 16, 2010, the applicant submitted a request for reconsideration. On April 14, 2010, the Attorney General rendered a Final Decision determining that there was no reason to modify its initial decision. On April 29, 2010, the applicant filed a notice of appeal from the April 14, 2010 Final Decision of the Attorney General.

{¶2}On June 7, 2010, the applicant filed a motion to withdraw her appeal. On June 25, 2010, a panel of commissioners approved the applicant's notice for withdrawal of the appeal.

{¶3}On October 21, 2010, the applicant filed a supplemental compensation application. On November 23, 2010, the Attorney General issued a finding of fact and decision for the supplemental compensation application. The applicant incurred mileage expenses in the amount of $18.57. However, an award could not be granted since R.C. 2743.191(B) requires that an award can only be granted if the award equals or exceeds $50.00. Furthermore, the applicant's claim for work loss was denied since the applicant was not employed at the time of the criminally injurious conduct. On January 13, 2011, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On January 27, 2011, the applicant filed a notice of appeal from the January 13, 2011 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on April 21, 2011 at 11:20 A.M.

{¶4}The applicant and her attorney, Michael Falleur, appeared at the hearing, while Principal Assistant Attorney General Matt Hellman represented the state of Ohio.

{¶5}The applicant is seeking an award of reparations for work loss. The applicant contends she was a member of the "ready workforce." She was employed through a Temporary work agency and due to her injuries she was unable to work during her disability period. The applicant asserts work loss should be calculated based on her yearly earnings average, reduced to net wages, and then calculated for the period she was unable to work.

{¶6}The Attorney General pointed out that the applicant has the burden of proof to establish work loss. The panel should focus on the statutory definition of work loss. The statute requires that an award for work loss can only be granted if the applicant loses income "from work that the injured party would have performed." The Attorney General asserted that case precedent does not allow speculation in calculating the amount of work loss. If the applicant is not working at the time of her injury applicant must present credible

evidence showing the loss of a job opportunity. The applicant has failed to do so in this case.

{¶7}Shakeisha Dandy took the witness stand. The applicant testified she was injured on August 24, 2009. She received her last paycheck from Sugar Creek Packaging on August 16, 2009. After she learned the week before that her employment with Sugar Creek was ending she scheduled an interview with the AT&T call center for August 24, 2009. However, she was shot prior to the scheduled interview. After the shooting she was taken to Miami Valley Hospital and released approximately six hours later, after sustaining a gunshot wound to her left leg. She related that she called a couple of temporary services in the subsequent days informing them she would be unable to work due to the injury she sustained.

{¶8}Upon cross-examination, the applicant admitted her current job with Norwood Medical was not secured through a temporary agency. Also, her full-time job with Sugar Creek Packaging was not secured through a temporary agency. At the time of the shooting she was registered with five temporary agencies, but none of the agencies had available work for her. The job interview which Ms. Dandy planned to attend on the day of the shooting was obtained through her own volition. She also related that she worked for Payless Distribution, a job which she received through a temporary service. It was a full-time permanent position which she performed subsequent to her injuries. She stated she personally notified Kelly Services and Noble Staffing - Temporary Agencies - of her inability to work during her disability period.

{¶9}In closing, the applicant contends she was part of the work force since she was either working or pursuing a job. She had a working lifestyle. The applicant asserts this panel should follow the holding in *In re Zenni*, V89-78900tc (11-24-92) taking into

consideration the applicant's work history and work ethic. Accordingly, the applicant urges this panel to adopt an interpretation of the law that would compensate individuals who are members of the ready work force but do not happen to be employed at the time they are injured. The applicant asserts work loss could be calculated by averaging her gross income for the years 2008 and 2009, reducing that income to a net figure, determining a weekly average, which would be multiplied by three to demonstrate the loss she suffered for the three-week period in which she was disabled.

{¶10}In closing, the Attorney General believes that the panel should rely on the particular facts of this case to render its decision. The facts clearly show that the applicant was not working when she was injured and the applicant presented no evidence of a lost job opportunity. The Attorney General also noted that the applicant testified she had a pre-existing shoulder injury prior to being shot. Ms. Dandy has failed to present any evidence which would indicate whether the shoulder injury, in and of itself, would have hindered her from seeking employment. The pre-existing injury was not related to the criminally injurious conduct.

{¶11}The Attorney General believes the cases presented by the applicant in her brief and at the hearing can be distinguished from the case at bar. In *In re Dotson* (1995), 91 Ohio Misc. 2d 100, the applicant was employed at the time of his injury. The problem with that case concerned the fact that his new business venture was not profitable. Therefore, a panel of commissioners took into consideration his earning before and after his injury to get an accurate and reasonable calculation of his work loss. In the case at bar, the applicant, unlike *Dotson,* was not employed at the time of the injury.

{¶12}In *In re Caminiti* (1984), 17 Ohio Misc. 2d 9, work loss calculation had to be determined for a young victim who was permanently disabled from returning to the work

force, a situation not analogous to the case at bar.   And, finally *In re Zenni* involved a deceased victim and the method to be used to calculate dependent's economic loss again a situation totally unlike the case at bar.

{¶13}In contrast, the cases cited by the Attorney General, *In re Russell*, V80-47882jud (4-19-84); *In re Clark*, V82-32238jud (5-8-84); and *In re Wilson* (1989), 61 Ohio Misc. 2d 369, all require that the applicant provide proof that the applicant would have been gainfully employed but for the injury resulting from the criminally injurious conduct.

{¶14}Finally, the Attorney General directs that this panel follow the language of the statute and not speculate with respect to the applicant's ability to be gainfully employed.   Whereupon, the hearing was concluded.

{¶15}R.C. 2743.51(G) in pertinent part states:

"'Work loss' means loss of income from work that the injured person would have performed if the person had not been injured. . ."

{¶16}There are two elements necessary to prove work loss.   First, the applicant must prove work loss was sustained by showing an inability to work.   Second, the applicant must prove the monetary amount of the work loss.   Both elements must be proven by corroborating evidence.   *In re Berger* (1994), 91 Ohio Misc. 2d 85.

{¶17}Applicant has the burden to prove that the applicant secured a specific job commencing at a known date after the criminally injurious conduct or was in the process of negotiating a job the applicant was likely to get.   *In re Wilson* (1989), 61 Ohio Misc. 2d 369.

{¶18}The applicant has the burden to establish that there was work the applicant would have performed had the applicant not been injured.   *In re Russell*, V80-47882jud (4-19-84).

{¶19}A "high degree of probability" is insufficient to establish that an applicant would have obtained employment during the applicant's disability period. *In re Clark*, V82-32238jud (5-8-84).

{¶20}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{¶21}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{¶22}From review of the case file and upon full and careful review of the testimony presented and the arguments at the hearing, we find the applicant has not proven, by a preponderance of the evidence, that she incurred work loss as defined by R.C. 2743.51(G) for her three-week period of disability. The plain and unambiguous language of the statute requires work loss only be granted for work that "the injured person would have performed if the person had not been injured." In the case at bar, the applicant has been unable to meet this requirement.

{¶23}We believe the applicant's argument that this panel should rely on the holding in *Zenni* is misplaced. *Zenni* involved the calculation of dependent's economic loss not work loss. This court, as well as, the Attorney General recognizes in death claims work history plays a predominate role, since it is important to fairly and responsibly compensate the dependents of deceased individuals, who while they have changed jobs prior to their death, exhibited a consistent history of financially supporting their family. In the case at

bar, it is necessary for the applicant to prove that she lost a specific employment opportunity due to her injuries.

{¶24}This decision does not foreclose an applicant who earns her living from temporary employment to be consistently denied work loss. What this decision does require is that the applicant must present specific evidence that a particular job opportunity was unavailable solely due to the injuries she sustained as a result of the criminally injurious conduct. This panel rejects the applicant's argument that she should be compensated because she was a member of the "ready to work force." Such an assertion is too speculative and contrary to the holdings in *Russell, Clark,* and *Wilson.* Therefore, the January 13, 2011 decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{¶25}1) The January 13, 2011 decision of the Attorney General is AFFIRMED;

{¶26}2) This claim is DENIED and judgment is rendered for the state of Ohio;

{¶27}3) This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶28}4)   Costs are assumed by the court of claims victims of crime fund.


                                              _____

                                              SUSAN G. SHERIDAN
                                              Presiding Commissioner


                                              _____

                                              WILLIAM L. BYERS IV
                                              Commissioner


                                              _____

                                              E. JOEL WESP
                                              Commissioner

ID #I:\VICTIMS\2010\50426\7-13-11 panel decision.wpd\DRB-tad

     A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Montgomery County Prosecuting Attorney and to:

Filed 7-22-11
Jr. Vol. 2279, Pgs. 118-125
Sent to S.C. Reporter 8-19-11