[Cite as *In re Gladwell-Caldwell*, 2011-Ohio-4029.]

# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: PAMELA J. GLADWELL-CALDWELL

PAMELA J. GLADWELL-CALDWELL

      Applicant

Case No. V2011-60344

Commissioners:
E. Joel Wesp, Presiding
Karl C. Kerschner
Necol Russell-Washington

ORDER OF A THREE
COMMISSIONER PANEL

{¶1}On August 30, 2010, applicant, Pamela Gladwell-Caldwell filed a compensation application as the result of an assault which occurred on August 3, 2010. On December 23, 2010, the Attorney General issued a finding of fact and decision which determined that the applicant met all the necessary jurisdictional requirements to qualify as a victim of criminally injurious conduct and she was granted an award of reparations in the amount of $276.75. Applicant's claim for work loss was denied since she did not submit sufficient documentation to prove this loss. On January 18, 2011, applicant submitted a request for reconsideration. On March 18, 2011, the Attorney General rendered a Final Decision granting the applicant an additional award in the amount of $97.69, which represented mileage expenses incurred. Again, the applicant's claim for work loss was denied. On April 5, 2011, the applicant filed a notice of appeal from the March 18, 2011 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on July 6, 2011 at 10:35 A.M.

{¶2}Assistant Attorney General David Lockshaw appeared on behalf of the state of Ohio. The applicant did not attend the hearing.

{¶3}The Attorney General stated that the sole issue in this case was whether the applicant had proven, by a preponderance of the evidence, that she incurred work loss. The Attorney General has received no supporting documentation or tax returns which support the applicant's claim for work loss. The Attorney General noted that the applicant has filed two supplemental compensation applications since the Attorney General filed his brief on June 3, 2011. Whereupon, the hearing was concluded.

{¶4}R.C. 2743.60(G) in pertinent part states:

"'Work loss' means loss of income from work that the injured person would have performed if the person had not been injured . . ."

{¶5}There are two elements necessary to prove work loss. First, one must prove work loss was sustained by showing an inability to work. Second, one must prove the monetary amount of work loss. Both elements must be proven by corroborating evidence. *In re Berger* (1994), 91 Ohio Misc. 2d 85.

{¶6}R.C. 2743.52 places the burden of proof on the applicant to satisfy the panel of commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc. 2d 4.

{¶7}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{¶8}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{¶9}From review of the case file and upon full and careful consideration given to the Attorney General's statement at the hearing, we find the applicant has been unable to prove, by a preponderance of the evidence, that she incurred work loss as a result of the criminally injurious conduct of August 3, 2010. The applicant has presented no supporting documents to substantiate her allegation that she sustained work loss. Accordingly, the Attorney General's March 18, 2011 decision with respect to the issue of work loss is affirmed.

IT IS THEREFORE ORDERED THAT

{¶10}1) The March 18, 2011 decision of the Attorney General is AFFIRMED;

{¶11}2) The applicant's claim for work loss is DENIED;

{¶12}3) This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶13}4) Costs are assumed by the court of claims victims of crime fund.

_____
E. JOEL WESP
Presiding Commissioner


_____
KARL C. KERSCHNER
Commissioner


_____
NECOL RUSSELL-WASHINGTON
Commissioner

ID #I:\VICTIMS\2011\60344\V2011-60344.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Hamilton County Prosecuting Attorney and to:


Filed 8-5-11
Jr. Vol. 2279, Pgs. 194-197
Sent to S.C. Reporter 8-15-11