[Cite as *In re Hoffman*, 2012-Ohio-4680.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: CONNIE M. HOFFMAN

CONNIE M. HOFFMAN

       Applicant

Case No. V2011-60174

Commissioners:
Necol Russell-Washington, Presiding
Karl C. Kerschner
Susan G. Sheridan

ORDER OF A THREE-
COMMISSIONER PANEL

{¶1} On May 26, 2010, the applicant, Connie Hoffman, filed a compensation application as the result of a series of criminal offenses which occurred between December 5, and 8, 2009.  On August 27, 2010, the Attorney General issued a finding of fact and decision denying the applicant's claim for an award of reparations since a toxicology test conducted at Akron General Medical Center at the time of the criminally injurious conduct revealed the applicant tested positive for opiates.  Accordingly, the applicant's claim was denied pursuant to R.C. 2743.60(E)(1)(e).

{¶2} On November 18, 2010, the applicant submitted a request for reconsideration. The applicant submitted a patient history report from Rite Aid pharmacy which revealed the applicant had a long history of taking prescription medication which contained opiates.  Furthermore, the applicant asserts involuntary drugging by the offender allowed him to perpetrate the crimes against her.  Accordingly, she asserts the Attorney General should re-evaluate its initial decision.

{¶3} On February 4, 2011, the Attorney General rendered a Final Decision determining that the applicant's claim should not be denied pursuant to R.C. 2743.60(E)(1)(e), that the applicant has met the necessary jurisdictional requirements to receive an award of reparations, and that the applicant should be granted an award in the amount of $68.36, which represents a moving expense for the rental of a U-Haul trailer. The applicant's claim for work loss was denied since the applicant failed to present any medical documentation to support this claim. Finally, the applicant's claim for additional moving expenses was denied since the applicant failed to submit supporting documentation to prove she incurred this expense.

{¶4} On March 4, 2011, the applicant filed a notice of appeal from the February 4, 2011 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on October 5, 2011 at 10:30 A.M. The applicant, Connie Hoffman, and her attorney, Kevin Sanislo, appeared while Assistant Attorney General Heidi James represented the state of Ohio.

{¶5} The applicant made an opening statement asserting that she will prove her claims for work loss and additional moving expenses. The Attorney General acknowledged that the applicant was a victim of criminally injurious conduct and had been compensated for partial moving expenses. However, the Attorney General argued that the applicant has failed to prove, by a preponderance of the evidence, that she incurred additional moving expenses. Furthermore, the moving expense sought, approximately 112 man hours expended for the move, was not reasonable. Finally, the applicant submitted no medical documentation to support her claim for work loss. Accordingly, the Attorney General contended the Final Decision should be affirmed.

{¶6} Connie Hoffman was called to testify. She briefly related her recollections of the assault and the injuries sustained. Due to her injuries she suffered both physical and emotional pain, so debilitating that she was unable to leave her residence for months. Her only contacts with the outside world, besides her family, were with Deputy Kelly Kuhn of the Summit County Sheriff's Department and Heather Gunnoe, a Community

Victim Advocate with the Summit County Victim Assistance Program. Both these individuals were required to meet with the applicant at her residence since she was fearful to leave it.

{¶7} The applicant testified that prior to her assault she was employed as an adjunct professor at Stark State College of Technology. However, due to the brutal assault she suffered she was neither "physically, psychologically, or emotionally" able to perform her duties as an adjunct professor for the time period January 11, 2010 through May 28, 2010. Ms. Hoffman related that her son contacted Marc Hostetler, Department Chair-Social Services, notifying him via e-mail of his mother's incapacitation and inability to work. Letters from Mr. Hostetler dated June 24, 2010 and August 9, 2011, were shown to the applicant. These letters indicated that the applicant would have taught three classes for the period January 11, 2010 through May 28, 2010 and been paid $5,592.00, if she had not been injured. Mr. Hostetler's letters also reveal that he was forced to find a replacement to teach these classes in her stead. The applicant explained that at that point her teaching contract was "destroyed" and she would not have been able to return to her teaching position any time during the semester since "her classes were already contracted out to other faculty." Ms. Hoffman testified that she resumed her position as an adjunct professor in the fall semester of 2010.

{¶8} The applicant was then questioned concerning the moving expenses she incurred. The applicant related that with the exception of a doctor's appointment in February 2010 and attending Victims of Crime Week activities in April of the same year she did not venture outside her home. The applicant related that the offender began showing up at her door step and she was fearful about what could happen. She decided for her own personal safety that she needed to move. The applicant was shown a letter dated July 16, 2010 from Deputy Kelly Kuhn, Summit County Sheriff's Department. The letter in pertinent part stated:

a.      "I am writing on behalf of Connie Hoffman who was involved in a violent crime, in which I investigated. For her safety, it was necessary for her to move from her residence."

{¶9} The applicant acknowledged based on the encouragement of Deputy Kuhn, Advocate Gunnoe, and family members, she moved to her current residence a secured apartment complex in Cuyahoga Falls.

{¶10} The applicant related that the move took three weekends and was accomplished by Donald Miller and personnel from his company Bumble Bee Stripping. The applicant was shown an invoice dated June 5, 2010-June 28, 2010 in the amount of $1,635.09, for labor, moving, packing, setup and U-Haul rental and the affidavit of Donald Miller, Jr. dated June 29, 2011 stating the cost for all labor, parking, moving and personal belongings for the move on June 5-6, June 9, and June 27-28, 2010 required 112 man hours at $12.00 per hour for a total of $1,344.00. Applicant confirmed that she was aware of these expenses but has been unable to pay them.

{¶11} The Attorney General cross-examined the witness. The applicant acknowledged that she is currently receiving Social Security Disability as the result of the physical injuries sustained in a prior profession: heavy highway construction. She currently receives $832.00 per month.

{¶12} The applicant conceded that she had been seeing Dr. Steinberger, an ear, nose and throat specialist for 20 years prior to the criminal incident, and that Dr. Steinberger did not have sufficient evidence to write her off work. The Attorney General presented State's Exhibit A, a medical information report dated June 11, 2010 which revealed in the area of the report captioned Prognosis Disability "N/A to my eval." The applicant agreed that Dr. Steinberger did not write her off work but related that Dr. Steinberger's office expertise is not in the area of rape, violence, or psychological injury.

{¶13} Upon questioning concerning the applicant's moving expenses, she stated she had secured a new apartment and was expecting to be moved with the help of the local Victims Assistance Program. However, due to budgetary constraint this help was not

available.  Due to her desperation and Donald Miller's offer to help she allowed him to conduct the move.  Mr. Miller, who runs a floor stripping company, did not have large enough vehicles to accommodate her belongings so a U-Haul had to be rented. U-Hauls had to be rented on three separate occasions and the Attorney General has granted an award for the cost of one rental vehicle.

{¶14} The applicant testified that she is legally obligated to pay the moving expense. On the day of the move, Mr. Miller and his crew did all the packing and moving without any help from the applicant.  The applicant believes the affidavit submitted by Donald Miller, Jr. is an accurate reflection of the work performed during the move.

{¶15} Finally, the applicant stated she did not see a mental health counselor after the occurrence of the criminal incident.  Whereupon, the applicant's testimony was concluded.

{¶16} Heather Gunnoe, a victim advocate for the Victim Assistance Program in Summit County, was called to testify.  She met the applicant when she received a referral from a counselor with the program in January 2010.  Ms. Gunnoe, although not a licensed counselor, performed a crisis intervention at the applicant's residence.  She met with the applicant approximately once per week for a period of almost a year.  She described the applicant as being bruised, in pain, having difficulty ambulating, and experiencing back pain as well as being scared and fearful.  In Ms. Gunnoe's opinion the applicant was in no condition, either physically or emotionally to work until after March 2010.

{¶17} The Attorney General did not cross-examine the witness and Ms. Gunnoe's testimony was concluded.

{¶18} In closing the applicant argued that a case for work loss has been established for the loss of earning at Stark State Technical College.  Furthermore, the evidence proved that she should be reimbursed for the moving expenses, in the amount of $1,344.00 for labor expenses, $293.81 for U-Haul rental expenses less the $68.38 already granted by

the Attorney General, plus a $10.00 fuel charge. The applicant requests an award be granted in this amount.

{¶19} The Attorney General contended that the applicant incurred moving expenses in the amount of $68.38 and the necessity for the move was supported by the letter from Deputy Kelly Kuhn. However, the applicant failed to prove that the remaining moving expenses were reasonably incurred. The applicant presented no medical provider who could verify that the applicant incurred work loss as the result of the injuries she sustained at the time of the criminally injurious conduct. Therefore, the applicant failed to sustain her burden of proof, and accordingly, her claim should be denied. Whereupon, the hearing was concluded.

{¶20} R.C. 2743.51(F)(1) in pertinent part states:

a.    "(F)(1) 'Allowable expense' means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, rehabilitation, rehabilitative occupational training, and other remedial treatment and care and including replacement costs for hearing aids; dentures, retainers, and other dental appliances; canes, walkers, and other mobility tools; and eyeglasses and other corrective lenses."

{¶21} Moving expenses can constitute an allowable expense. See *In re Miller*, V2006-20780tc (3-2-07) affirmed jud (6-25-07).

{¶22} R.C. 2743.51(G) in pertinent part states:

a.    "(G) 'Work loss' means loss of income from work that the injured person would have performed if the person had not been injured. . ."

{¶23} There are two elements necessary to proven work loss. First, one must prove work loss was sustained by showing an inability to work. Second, one must prove the monetary amount of work loss. Both elements must be prove by corroborating evidence. *In re Berger* (1994), 91 Ohio Misc. 2d 85.

{¶24} Applicant has the burden to prove that the applicant secured a specific job commencing at a known date after the criminally injurious conduct or was in the process of negotiating a job the applicant was likely to get. *In re Wilson* (1989), 61 Ohio Misc. 2d 369.

{¶25} Applicant has the burden to establish that there was work the applicant would have performed had the applicant not been injured. *In re Russell*, V80-47882jud (4-19-84).

{¶26} Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{¶27} Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{¶28} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.

{¶29} From review of the case file and with full and careful review of all testimony presented and the arguments made by the parties of the hearing, we find the applicant has proven, by a preponderance of the evidence, that she incurred additional moving expenses and work loss.

{¶30} The Attorney General determined in the Final Decision of February 4, 2011 that moving from the residence of the crime scene to a new location at a secured apartment was necessary and causally related to the criminally injurious conduct. The Attorney General conceded that point at the hearing noting that Deputy Kelly Kuhn's letter was

sufficient to prove that the move was causally related to her injuries and related to her remedial care and treatment. The only issue which this panel needs to consider is whether the additional moving expenses were reasonable. We find the testimony of the applicant to be credible with respect to the reason for the move and her inability to assist with the move. Furthermore, the Attorney General presented no evidence which refuted that the move occurred as described in the testimony of the applicant or the affidavit of Donald Miller, Jr. The Attorney General also presented no evidence, other than a mere assertion, that the cost of the move was unreasonable. When an applicant establishes a *prima facie* case that a cost was incurred in relation to an additional allowable expense and this case is supported by credible testimonial and affidavit evidence, the burden of proof shifts to the Attorney General to rebut or refute the reasonableness of the amount of the expense. The Attorney General has failed to sustain his burden in this case. Accordingly, the applicant's claim for additional moving expenses is granted.

{¶31} Applicant's claim for work loss is also granted. Based upon the medical records in the case file and the credible testimony of the applicant and Heather Gunnoe, the victim advocate, we find the applicant was not physically or psychologically able to start her job as an adjunct professor at Stark State Technical College on January 11, 2010. The letters from Marc Hostetler reveal that the applicant had a job on January 11, 2010, the amount of the work loss, and the fact that due to her inability to work, others were hired in her place foreclosing the applicant's opportunity to be gainfully employed for the semester. Therefore, the applicant has proven by a preponderance of the evidence that she incurred work loss for the period of January 11, 2010 through May 28, 2010.

{¶32} The applicant has incurred moving expenses in the amount of $1,579.43 and gross work loss in the amount of $5,592.00. This claim shall be remanded to the Attorney General for calculation of net work loss and payment of the moving expenses and net work loss. Accordingly, the Attorney General's decision of February 4, 2011 is modified.

{¶33} IT IS THEREFORE ORDERED THAT

{¶34} The Attorney General's State's Exhibit A is admitted into evidence;

{¶35} The February 4, 2011 decision of the Attorney General is MODIFIED and judgment is rendered in favor of the applicant in accordance with the above mentioned calculations;

{¶36} This claim is remanded to the Attorney General for calculation and decision;

{¶37} This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶38} Costs are assumed by the court of claims victims of crime fund.

_____
NECOL RUSSELL-WASHINGTON
Presiding Commissioner


_____
KARL C. KERSCHNER
Commissioner


_____
SUSAN G. SHERIDAN
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2012\V2011-60174 Hoffman.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Summit County Prosecuting Attorney and to:

Filed 2-28-12
Jr. vol. 2282, Pgs. 85-94
Sent to S.C. reporter 10-9-12